NO. 07-02-0402-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 6, 2002



______________________________




SHAWN RAY BOB, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 44,072-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, S.J. (1)

 Pending before the Court is a motion by appellant Shawn Ray Bob to reopen his
appeal. The motion is filed pro se, just as were the original notice of appeal and motion
which requested that we dismiss the appeal. The motion is postmarked November 19,
2002, and was filed by the clerk on November 22, 2002. 

 

 Pursuant to appellant's pro se motion to dismiss which was filed on October 18,
2002, we dismissed the appeal. Our judgment was rendered and mandate was issued on
October 29, 2002. Appellant's motion to reopen, which we deem to be a motion for
rehearing, sets forth no basis for his seeking to change his mind and pursue his appeal. 
The motion merely requests that we now grant appellant's "wishes in this matter." 

 A motion for rehearing must be filed within 15 days after the court of appeals'
judgment or order is rendered, and must clearly state the points relied on for the rehearing. 
See Tex. R. App. P. 49.1. The motion filed by appellant complies with neither requirement. 
Accordingly, we deny the motion. 



 Phil Johnson

 Justice









Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 



 filing of
briefs, see Tex. R. App. P. 2, and will reverse the trial court's order of dismissal and remand
to the trial court for further proceedings.

 It is so ordered.

 Per Curiam

 
1. Because of the disposition of this matter and pursuant to Rule 2 of the Texas
Rules of Appellate Procedure, we are dispensing of the requirement of the 21 days notice
to the parties.